**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carroll Burt RUMERY,
Defendant-Appellant.**

**No. 82–2346
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1983.

Daniel V. Flatten, Beaumont, Tex., for defendant-appellant.

Paul E. Naman, Asst. U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

GEE, Circuit Judge:

On January 12, 1981, appellant pleaded guilty to a charge of conspiracy to counterfeit or to defraud the United States government. 18 U.S.C. § 371 (1976). He was sentenced to the maximum five year term. In a previous appeal, this court affirmed a denial of his motion to reduce and reconsider the sentence imposed. *United States v. Rumery,* 677 F.2d 114 (5th Cir.1982) (unpublished). In its decision, however, the court expressly did not consider the question presented in this appeal: whether advice of defendant's appointed counsel was so erroneous that it rendered his guilty plea involuntary. Today, we answer this question in the affirmative. Appointed counsel rendered ineffective assistance which induced petitioner's guilty plea. Thus, the guilty plea was involuntary and may be withdrawn. We therefore reverse the decision below denying petitioner relief.

Appellant was charged, in a one-count indictment, with a single offense: conspiracy in violation of 18 U.S.C. § 371. This offense carries a maximum punishment of five years imprisonment. Within the single offense charged, however, the indictment recited conduct in violation of 18 U.S.C. §§ 472 and 473 (1976), which carry maximum penalties of fifteen years and ten years respectively.

We find nothing patently improper about the form of this indictment. However, appellant's court-appointed attorney misinterpreted the indictment and advised his client that he had been charged with three separate offenses carrying a maximum sentence of thirty years. With this understanding, counsel advised, and defendant agreed, to plead guilty to only the Section 371 offense. In return, the Assistant United States Attorney agreed not to charge defendant under Sections 472 and 473. It is unclear to what extent the prosecutor encouraged defense counsel's misreading of the indictment in order to facilitate a guilty plea, and it is irrelevant. It is sufficient that the government concedes that the erroneous advice was given to defendant by his counsel. It is only this advice, and the extent to which it misled defendant in considering his guilty plea, that we need examine in the present ineffective assistance of counsel claim.

This circuit has articulated the reasonably effective assistance of counsel standard for the guilty plea context:

It is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly. He must actually and substantially assist his client in deciding whether to plead guilty. It is his job to provide the accused an "understanding of the law in relation to the facts." The advice he gives need not be perfect, but it must be reasonably competent. His advice should permit the accused to make an informed and conscious choice. In other words, if the quality of counsel's service falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice. And a lawyer who is not familiar with the facts and law relevant to his client's case cannot meet that required minimal level.

*Herring v. Estelle,* 491 F.2d 125, 128 (5th Cir.1974) (citations omitted). *See Trahan v. Estelle,* 544 F.2d 1305, 1309 (5th Cir.1977) ("a guilty plea lacks the required voluntariness and understanding if entered on advice of counsel that fails to meet the minimum standards of effectiveness derived from the sixth and fourteenth amendments").

█ In the case presently before the court, defendant was indicted on only one count, which provided a maximum potential incarceration of five years. Counsel erroneously advised defendant that he was charged with three separate counts and could receive a prison term of thirty years. This error constitutes ineffective assistance of counsel. Appellant's guilty plea, based as it was upon the erroneous expectation that it reduced his maximum potential sentence from thirty years to five years, was not knowingly and intelligently made.[1]

The facts of this case lead us to the same conclusion this court reached when faced with similar facts in *Cooks v. United States,* 461 F.2d 530 (5th Cir.1972). In *Cooks,* the defendant was indicted on six counts of transporting forged money orders across state lines. The indictment was defective because only a single trip across state lines was alleged, and a single trip across state lines can result in only one criminal charge of transporting forged securities in interstate commerce. Defendant's court appointed attorney did not recognize the indictment's infirmity. Thinking his client faced a possible sixty years in prison, rather than the actual maximum of ten, the attorney encouraged his client to plead guilty to a single count in return for dismissal of the others. This court held that defendant was entitled to withdraw his guilty plea because it was offered based upon the ineffective assistance of his counsel.

█ It is important to point out that we adhere to the standard that defense counsel "need not be perfect." *Herring, supra,* 491 F.2d at 128. Good faith errors of counsel will not usually be sufficient to justify disturbing the conviction or sentence. However, where, as here, counsel has induced his client to plead guilty based on patently erroneous advice, we may find that the plea itself was involuntary and unknowing.

We find appellant's plea to have been involuntarily and unknowingly made in this case and therefore vacate his conviction. The judgment is reversed and the case is remanded to the district court with directions to discharge appellant subject to

---

1. At the time it accepted the defendant's guilty plea, the district court properly followed Federal Criminal Procedure Rule 11. Pursuant to this rule, the district court questioned the defendant and learned from him that he understood the basis of the charge to which he was pleading guilty and that he did not expect any leniency as a result of his plea. Compliance with Rule 11, however, does not preclude review of the voluntariness of defendant's plea. *Fontaine v. United States,* 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973). Here, it appears that defendant truthfully and accurately answered the court's questions as regards the count under Section 371. He understood that his plea would not affect sentencing under this count and that he might receive the full five years. He no longer considered himself subject to punishment under Sections 472 and 473. Any failure to properly inform the court during its review of defendant's guilty plea was the responsibility of counsel for both sides. In fact, when the defendant was questioned directly by the court, "has there been a plea bargain in this case," the government prosecutor responded: "It's a one count indictment, your Honor. No plea bargain."

the Government's right to retry him on the Section 371 indictment. Should the government desire to retry petitioner on this indictment, the previous guilty plea shall be withdrawn and appellant may plead as he chooses.

REVERSED AND REMANDED.