United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50983
Conference Calendar

RICHARD C. HOWARD,

Plaintiff-Appellant,

versus

STATE OF TEXAS; TEXAS DEPARTMENT OF CRIMINAL JUSTICE -
INSTITUTIONAL DIVISION; GARY L. JOHNSON, Director;
HERBERT L. SCOTT, Warden; GOEBEL C. PERKINS, Alfred
Hughes Unit; HEATH M. BALLAD, Alfred Hughes Unit;
MONTE SMITH, Alfred Hughes Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CV-327
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

Richard C. Howard, Texas prisoner #662409, moves for leave
to proceed in forma pauperis (IFP) following the district court's
certification that his appeal from the dismissal of his civil-
rights complaint for failure to exhaust administrative remedies,
pursuant to 42 U.S.C. § 1997e(a), was taken in bad faith. By
moving for leave to proceed IFP, Howard challenges the bad-faith

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

certification. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Howard moves for injunctive relief pursuant to FED. R. APP. P. 8; his Rule 8 motion is DENIED.

Howard argues that he was not required to exhaust administrative remedies because he sought only damages in his complaint and damages are not obtainable in prison grievance procedures. He alleges that he never received the order granting the defendants leave to file an out-of-time motion to dismiss his complaint and argues that the district court erred by dismissing the complaint without allowing him an opportunity to respond to the motion to dismiss.

Howard was required to exhaust administrative remedies even though he sought only damages. *See Booth v. Churner*, 532 U.S. 731, 740-41 (2001). Any possible error by the district court regarding whether Howard was notified of the district court's order is harmless -- Howard does not indicate in his appellate brief that he would have presented any arguments in any response to the order than he already had presented to the district court when he responded to the defendants' motion for leave to file an out-of-time motion to dismiss. *See Norman v. McCotter*, 765 F.2d 504, 508 (5th Cir. 1985).

Howard's appeal is without arguable merit and is frivolous. *Howard* v. King, 707 F.2d 215, 220 (5th Cir. 1983). We previously affirmed the dismissal of one of Howard's civil-rights complaints

as frivolous.  *Howard v. Martin*, No. 96-20143 (5th Cir. May 14, 1996) (unpublished).  The dismissal of Howard's previous complaint counts as one "strike" for purposes of 28 U.S.C. § 1915(g) and the dismissal of the current appeal counts as a second "strike."  Howard is warned that once he accumulates three "strikes" he may not bring a civil action or appeal a judgment in a civil action unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP DENIED.  APPEAL DISMISSED AS FRIVOLOUS.  5TH CIR. R. 42.2.  FED. R. APP. P. 8 MOTION DENIED.  SANCTION WARNING ISSUED.