**Danielle STUMP**

v.

**Jo Anne BARNHART, Commissioner of Social Security Administration**

No. 1:05–CV–173.

United States District Court, E.D. Texas, Beaumont Division.

Sept. 8, 2005.

Robert C. Hardy, Sr., Beaumont, TX, for Plaintiff.

Gregory E. White, Dallas, TX, for Defendant.

## MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

CLARK, District Judge.

The Court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable law and orders of this Court. The Court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the United States Magistrate Judge are correct, and the Report of the United States Magistrate Judge is **ADOPTED**. A Final Judgment will be entered separately, dismissing this action.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

This case is referred to the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. See 28 U.S.C. § 636(b)(1)(B) (2001) and Loc. R. CV–72 & App. B, R. 1(H) for the Assignment of Duties to United States Magistrate Judges, and General Order 05–6.

### I. NATURE OF THE CASE

Plaintiff, represented by counsel, filed a complaint on March 4, 2005, requesting review of the Commissioner's denial of dis-

ability insurance benefits. Docket No. 1. On June 15, 2005, the Commissioner filed "Defendant's Motion to Dismiss and Memorandum in Support" (Docket No. 17). The Commissioner's motion argues for dismissal of this case because the court lacks subject-matter jurisdiction.

## II. COMMISSIONER'S MOTION AND PLAINTIFF'S RESPONSE

The Commissioner argues that the court lacks subject-matter jurisdiction because plaintiff failed to exhaust administrative remedies. The Commissioner avers that plaintiff failed to request a hearing before an administrative law judge within 60 days of receiving notice of reconsideration and denial of her application for disability benefits. Deft.'s Mo. at p. 2. The Commissioner argues that plaintiff's failure deprives the court of subject matter jurisdiction, because "no final decision ... made after a hearing" was issued, as required by the Social Security Act. *Id.,* citing 42 U.S.C. § 405(g).

On June 21, 2005, plaintiff's counsel moved to withdraw from this action and substitute counsel. Docket No. 18. The undersigned granted counsel's motion on July 1, 2005 (Docket No. 19) and, on July 5, 2005, issued an order notifying plaintiff and substitute counsel that a response to

the Commissioner's motion to dismiss was due on or before July 25, 2005 (Docket No. 20). To date, plaintiff has not responded to the motion.

## III. DISCUSSION

█ Rule 12(b), Federal Rules of Civil Procedure, states that if a motion to dismiss for failure to state a claim upon which relief can be granted presents "matters outside the pleading ..., the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed.R.Civ.P. 12(b). The Commissioner's motion to dismiss includes matters outside the pleading, specifically documents purporting to establish procedural history of plaintiff's claim at the administrative level which demonstrates her failure to exhaust administrative remedies.[1] The undersigned therefore construes the Commissioner's motion to dismiss as a motion for summary judgment. *See Stewart v. Murphy,* 174 F.3d 530, 532–33 (5th Cir.1999); *Baker v. Putnal,* 75 F.3d 190, 197 (5th Cir.1996); *see Norman v. McCotter,* 765 F.2d 504, 507 (5th Cir.1985) (The court's treatment of motion to dismiss as motion for summary judgment "require[s] notice to the opponent and a reasonable opportu-

1. The Commissioner attached the following documents to her motion:
    1. "Declaration of Jean–Claude Aumont, Court Case Preparation and Review Branch 4, Office of Hearing and Appeals," which avers that plaintiff's claim was denied by reconsideration determination issued May 24, 2004, which informed plaintiff that she must request a hearing within 60 days of receipt of the notice; that plaintiff's September 24, 2004, request for hearing was untimely; that the administrative law judge dismissed the request for hearing as untimely; and that the Appeals Council denied plaintiff's request for review;

2. "Request for Hearing by Administrative Law Judge," signed and dated by Danielle Stump on August 19, 2004, and stamped as received by Social Security Administration on September 24, 2004;
3. "Order of Dismissal" signed by ALJ Richard L. Abrams on October 29, 2004, finding no good cause to extend time to request a hearing and dismissing plaintiff's request for hearing; and
4. "Notice of Appeals Council Action" dated January 28, 2005, declining to review the ALJ's dismissal of plaintiff's appeal.

nity to respond by controverting factual showing before the decision on the motion to dismiss, now newly-characterized as a motion for summary judgment"). The court's order (Docket No. 20) advising plaintiff to respond to the Commissioner's motion to dismiss for lack of subject matter jurisdiction suffices as notice to plaintiff to present argument and evidence pertinent to a motion for summary judgment.

## A. Legal Standards

### 1. Subject Matter Jurisdiction

■ The term, "subject-matter jurisdiction," pertains to the court's authority over the category of the claim in suit. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S.Ct. 1563, 1566, 143 L.Ed.2d 760 (1999). Subject-matter jurisdiction must be established as a threshold matter, inflexibly and without exception. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). No action of the parties can confer subject-matter jurisdiction upon a federal court. Similarly, a federal trial court not only may, but must raise lack of subject-matter jurisdiction on its own motion when the issue appears. *Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982)(quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)).

The Social Security Act confers jurisdiction on United States district courts to review "any final *decision* of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g) (emphasis added). *See Weinberger v. Salfi*, 422 U.S. 749, 763–64, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975) ("[A] final decision of the [Commissioner] made after a hearing .... [is] central to the requisite grant of subject-matter juris-

diction"); *see also Sims v. Apfel*, 530 U.S. at 107, 120 S.Ct. at 2083 ("If a claimant fails to request review from the Council .... [the] claimant may not obtain judicial review because he has failed to exhaust administrative remedies.").

■ A claimant's failure to exhaust all administrative remedies before filing an appeal deprives the court of subject matter jurisdiction. *Sims v. Apfel*, 530 U.S. at 106–07, 120 S.Ct. at 2083 (citing *Weinberger v. Salfi*). Exhaustion of administrative remedies requires a claimant to:

1. Present a claim and receive an initial determination and, if dissatisfied -

2. Request reconsideration of the initial determination and, if dissatisfied -

3. Request a hearing before an administrative law judge and, if dissatisfied with the decision of the administrative law judge -

4. Request review by the Appeals Council.

20 C.F.R. § 404.900(a)(1)-(4) (2004). The Commissioner's decision is final, and the claimant may seek federal court review, only when the claimant has "completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4)." *Id.* § 404.900(a)(5). *See Harper by Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir. 1987) ("[T]he regulatory scheme provides that a 'final decision' allowing judicial appeal is rendered by the Secretary for the purposes of section 205(g) of the Social Security Act when the Appeals Council either reviews or denies review of the ALJ's decision").

### 2. Effect of Plaintiff's Failure to Respond to Motion

■ Local rules of court provide that if a party opposes a motion, the party is required to file a response, brief and sup-

porting documents within fifteen days after service of the motion. Loc. R. Civ. P. 7(d)-(e). If the non-moving party fails to oppose a motion in the manner set forth in the local rules, the court may and should assume that the party has no opposition. *Guilbeaux v. 3927 Foundation, Inc.,* 177 F.R.D. 387, 389 (E.D.Tex.1998)(Schell, C.J.).

■ The court may not grant summary judgment, however, for the sole reason that the party against whom it is directed fails to file an appropriate opposition. *John v. State of Louisiana (Bd. of Tr. for State Coll. and Univ.),* 757 F.2d 698, 708 (5th Cir.1985); *see also Littlefield v. Forney Indep. Sch. Dist.,* 268 F.3d 275, 282 (5th Cir.2001). Rather, the court may grant summary judgment only if the motion itself demonstrates both the absence of genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Id.;* Fed.R.Civ.P. 56(c).

### B. Application

■ The Commissioner's motion and attachments thereon establish that, on May 24, 2004, the Commissioner issued a "Notice of Reconsideration," denying plaintiff's application for disability benefits. "Notice of Reconsideration" attached to Deft.'s Mo., Docket No. 17–3. Plaintiff requested a hearing before an administrative law judge on August 19, 2004, and the request was received by Social Security Administration in Conroe, Texas, on September 24, 2004. "Request for Hearing" attached to Deft.'s Mo., Docket No. 17–4. Even accepting August 19, 2004, as the date of request for hearing, and presuming that plaintiff received the Notice of Reconsideration within 5 days of its issuance,[2] plaintiff should have requested a hearing on or before July 28, 2004. Plaintiff's request, made 22 days after the deadline, is therefore untimely, and she failed to exhaust administrative remedies. *See* 20 C.F.R. § 404.900(a)(1)-(4) (2004).

An administrative law judge denied plaintiff's request for hearing because (a) it was untimely, and (b) the ALJ found "no good cause to extend the time for filing." "Order of Dismissal" attached to Deft.'s Mo., Docket No. 17–5. Plaintiff has not argued or offered proof that she had good cause for her failure to request a hearing within the requisite time limit, nor has she filed any response in opposition to the Commissioner's motion. The court therefore should assume that plaintiff does not oppose the motion. *See Guilbeaux v. 3927 Found., Inc.* 177 F.R.D. 387, 389 (E.D.Tex., 1998)(Schell, C.J.); *see also* Local Rule CV–7(e).

Defendant's motion, unopposed by plaintiff, demonstrates that no genuine issues of material fact are in controversy, and that defendant is entitled to judgment as a matter of law. The motion establishes that plaintiff failed to exhaust administrative remedies. Therefore, the court lacks subject-matter jurisdiction over plaintiff's claim.

### RECOMMENDATION

The Commissioner's motion to dismiss, construed as motion for summary judgment, should be granted, and this action should be dismissed for lack of subject matter jurisdiction.

### OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this

---

**2.** *"Date you receive notice* means 5 days after the date on the notice, unless you show us that you did not receive it within the 5–day period." 20 C.F.R. § 404.901 (2004) (emphasis in original).

report. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

August 8, 2005.