**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 1, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KORY FLYNN ORR,

    Defendant-Appellant.

No. 05-3185
(D.C. Nos. 03-CR-40024-01-JAR;
04-CV-3094-JAR)
(D. Kan.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

Kory Flynn Orr, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to challenge the denial of his 28 U.S.C. § 2255 petition. Orr claims he was denied effective assistance of counsel both during sentencing and while negotiating the waiver of his appeal and post-conviction rights. For substantially the same reasons set forth by the district court, we **DENY** Orr's request for a COA and **DISMISS**.

Orr pled guilty to possession with intent to distribute more than fifty grams of a mixture containing methamphetamine and was sentenced to sixty months

imprisonment. In his plea agreement, Orr waived his rights of appeal and his rights to post-conviction remedies. Notwithstanding the waiver, Orr filed a § 2255 petition in federal district court challenging his plea as unknowing and involuntary. Orr claimed that his counsel, Jerold Berger, was ineffective in representing him in the plea negotiations because Berger misinformed Orr of the likelihood that he would receive a sentence adjustment under U.S.S.G. § 5C1.2 for being a first time offender.

On Orr's arrest, authorities recovered a handgun from his car. In discussion with Berger prior to making a plea, Orr asked if the government was likely to bring a firearms charge. Orr claims that Berger told him that the "gun issue" was "over with." In that same conversation, Berger allegedly advised Orr that he was eligible for a "safety valve" reduction in sentence. Specifically, Berger informed Orr that there were three requirements for receiving the "safety valve" reduction under U.S.S.G. § 5C1.2 and that Orr met each of these requirements. Orr claims that he relied on this conversation in making his decision to plead guilty. At sentencing, the court found that Orr possessed a firearm in connection with his offense and thus failed to qualify for the § 5C1.2 sentence reduction. The district court denied Orr's habeas petition, reasoning that

even if Berger's performance was deficient, Orr was not prejudiced, and subsequently denied Orr's request for a COA.[1]

Orr argues that his counsel rendered ineffective assistance in negotiating the plea agreement, thereby making the waiver of his appellate and post-conviction rights unknowing and involuntary. He claims that his attorney advised him to waive his post-conviction rights on the basis of inaccurate information about the sentencing guidelines. He requests that we grant COA and remand for an evidentiary hearing into whether counsel was ineffective in negotiating the waiver of appeal and post-conviction rights.

Even if he has waived his post-conviction rights, a defendant may file a habeas petition under § 2255 if he presents the basis for a claim of ineffective assistance of counsel, and if that claim "pertains to the validity of the plea." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). Orr's petition does so, permitting review of the merits.

---

[1] Because Orr's petition was filed after April 24, 1996, the effective date of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2255 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(B). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Orr to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

To establish that his plea was based on ineffective assistance of counsel, Orr must demonstrate that his counsel's performance was so deficient that it "fell below an objective standard of reasonableness, " Strickland v. Washington, 466 U.S. 668, 688 (1984), and that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." United States v. Harms, 371 F.3d 1208, 1211 (10th Cir. 2004) (quotation omitted).

Orr argues that Berger was ineffective because he did not have an "understanding of the sentencing guidelines in relation to the facts." United States v. Rumery, 698 F.2d 764, 766 (5th Cir. 1983); see also United States v. McCoy, 215 F.3d 102, 108 (D.C. Cir. 2000). However, under our precedent, a "miscalculation or erroneous sentence estimation by defense counsel" does not constitute ineffective assistance of counsel. United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993). Moreover, "a defendant's erroneous expectation, based on his attorney's erroneous estimate, likewise does not render a plea involuntary." Wellnitz v. Page, 420 F.2d 935, 937 (10th Cir. 1970). Thus, Orr has not demonstrated a "substantial showing of the violation of a constitutional right." 28 U.S.C. § 2253(c)(2).

As a second argument, Orr claims that his counsel was ineffective at sentencing because he did not challenge the government's allegations in connection with enhancements applied due to his alleged possession of a firearm.

Because this argument does not relate to counsel's performance in negotiating the plea, it is barred by Orr's plea agreement.

We **GRANT** Orr's motion to proceed in forma pauperis. His petition for COA is **DENIED** and his case is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge