UNITED STATES of America,
Plaintiff–Appellee,

v.

William Michael BONDS,
Defendant–Appellant.

No. 94–5651.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 24, 1995.

Decided Feb. 21, 1995.

Timothy R. DiSçenza, Asst. U.S. Atty., (argued and briefed), Memphis, TN, for plaintiff-appellee.

Arthur E. Quinn (argued and briefed), Bogatin, Lawson & Chiapella, Memphis, TN, for defendant-appellant.

Before: JONES, CONTIE, and MILBURN, Circuit Judges.

CONTIE, Circuit Judge.

Defendant-appellant, William Michael Bonds, appeals his conviction and sentence following a guilty plea to possession with

intent to distribute Lorcet tablets, a schedule III substance in violation of 21 U.S.C. § 841(a)(1), and use of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). For the following reasons, we affirm.

## I.

On October 20, 1992, officers of the Shelby County Sheriff's Department executed a search warrant at defendant's residence at 4174 Dunn in Memphis, Tennessee. When the officers made a forced entry into the premises, shots were fired by defendant. An exchange of gunfire ensued in which one officer, defendant, and defendant's wife were all shot. The officer who was shot, Detective Ernest Long, suffered permanent damage to his leg, after the bullet, which entered his left buttocks, tore away 60 percent of the artery serving his left front thigh. No person was killed in the shoot-out, but one of defendant's dogs, who assumed an attack position when the police entered the premises, was shot and killed. During the search of defendant's residence, 14 grams of marijuana, 94 tablets of Lorcet, and 75 tablets of Viocoden, both Schedule III substances, were found.

On January 14, 1993, a federal grand jury for the Western District of Tennessee, returned a five-count superseding indictment, charging defendant in Count 1, with aiding and abetting a co-defendant, his wife Teresa Bonds, in the possession with the intent to distribute 94 Lorcet tablets, a Schedule III controlled substance; in Count 2, with aiding and abetting Teresa Bonds in the possession with the intent to distribute approximately 14 grams of marijuana; in Count 3, with aiding and abetting Teresa Bonds in the possession with the intent to distribute approximately 75 Viocoden tablets, a Schedule III controlled substance; in Count 4, with aiding and abetting Teresa Bonds in carrying and using a firearm during and in relation to a drug trafficking crime; and in Count 5, with knowingly possessing a 44 caliber pistol, a 12 gauge shotgun, and a 25 caliber pistol, having

been previously convicted of a felony. Thus, defendant was charged with three counts of violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; one count of knowingly and intentionally carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

On January 27, 1993, defendant was arraigned and pled not guilty. On April 23, 1993, there was a change of plea hearing, but the court would not accept defendant's guilty plea. In the meantime, defendant made a motion to suppress evidence. On October 13, 1993, a second change of plea hearing was held, but no plea was accepted. On October 28, 1993, pursuant to a written plea agreement, defendant changed his plea to guilty to counts one and four of the superseding indictment. The United States agreed that counts two, three and five would be dismissed.

On April 20, 1994, a sentencing hearing was held. At the sentencing hearing, defendant attempted to challenge the validity of one of his prior state convictions which formed the basis for his sentence as a career offender—a 1976 robbery conviction in Shelby County, Tennessee Criminal Court. Defendant also challenged the position of the pre-sentence report that he should get an upward adjustment for obstruction of justice and not receive a three-point reduction for acceptance of responsibility.

The district court decided that defendant should not receive an enhancement for obstruction of justice, but upheld the validity of his prior 1976 conviction and his sentence as a career offender. The district court also denied a reduction for acceptance of responsibility. Defendant was sentenced by the district court on May 2, 1994 to 60 months imprisonment on each count of the indictment to which he pled guilty, to be served consecutively with each other, followed by three years of supervised release.[1]

---

1. Based on a total offense level of 17 and a criminal history category of VI, the guideline imprisonment range was 51–63 months. However, due to the statutory maximum, there was a restricted guideline range of 51–60 months. Count four required a mandatory five years consecutive sentence.

Defendant timely filed an appeal on May 6, 1994. He alleged the district court erred in allowing his prior 1976 state conviction for robbery to serve as a partial basis for his sentencing status as a career offender, and that the court erred in refusing to allow a reduction in his offense level for acceptance of responsibility.

## II.

■ We must first decide whether defendant may challenge his prior 1976 state conviction for robbery, which served as a basis for his sentencing status as a career offender.

Because defendant had two prior felony convictions for crimes of violence, he was deemed to be a career offender for sentencing purposes pursuant to § 4B1.1 of the United States Sentencing Guidelines. At the sentencing hearing, defendant challenged the validity of a previous state conviction—an August 27, 1976 robbery conviction of Shelby County Criminal Court, which was one of the predicate offenses for the enhancement of his sentence as a career offender. Defendant challenged his previous 1976 state conviction for failure of the state court to properly advise him of what rights he was waiving in pleading guilty in violation of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), arguing that he was not apprised of his right against self-incrimination, and, therefore, he did not waive this right. Defendant testified that if he had been informed of his right against self-incrimination, it would have had an impact on his decision to plead guilty to the 1976 offense. Defendant argued that this former guilty plea was therefore constitutionally invalid and the robbery conviction could not be used as a predicate offense for sentencing him as a career offender. Defendant relied on this court's decision in *United States v. McGlocklin*, 8 F.3d 1037 (6th Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 1614, 128 L.Ed.2d 341 (1994) to argue that a trial judge must make a determination "as to whether the challenged evidence is trustworthy enough to be used to enhance a defendant's sentence" and that "a sentence cannot be based on misinformation of a constitutional magnitude." The district court allowed defendant to present evidence in this regard, but found the 1976 robbery conviction trustworthy enough to use it as a predicate offense to enhance defendant's sentence as a career offender.

The United States argues that although the district court held a hearing in which it allowed defendant to develop proof in an attempt to prove the unconstitutionality of his prior 1976 robbery conviction, the hearing was improper under the current status of the law. The United States argues that this court's decision in *United States v. McGlocklin*, which allowed such a collateral attack at sentencing, has been superseded by the decision of the United States Supreme Court in *Custis v. United States*, — U.S. —, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). In *Custis*, the Supreme Court held that unless there has been a previous ruling that a conviction has been ruled constitutionally invalid, or unless the conviction has been obtained when counsel has not been available or provided, in violation of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), a collateral attack on the conviction is not allowed at sentencing.

We agree with the United States that *McGlocklin* has been superseded. As this court stated in *United States v. Smith*, 36 F.3d 490, 492 (6th Cir.1994):

> *Custis* has now been decided and it holds that neither § 924(e) nor the Constitution permit a defendant to "collaterally attack the validity of previous state convictions that are used to enhance his sentence under the ACCA ... with the sole exception of convictions obtained in violation of the right to counsel."

(citation omitted). In the present case, defendant is alleging that his *Boykin* rights were violated, not his *Gideon* right to counsel. Therefore, according to *Custis*, defendant cannot collaterally attack the validity of his previous state conviction for robbery on the ground that the guilty plea was unconstitutional, and the 1976 state conviction for robbery was therefore properly used to enhance his sentence.

To conclude, we affirm the district court on this issue, but for another reason than that stated by the district court. Defendant may not collaterally attack at sentencing his previous 1976 state conviction for robbery on the ground that his guilty plea was unconstitutional according to the Supreme Court's decision in *Custis*. Because defendant's 1976 robbery conviction has not been found constitutionally invalid in a previous ruling and is not alleged to have violated his right to counsel, a collateral attack on the conviction is not permitted at sentencing. In *Custis*, the Supreme Court specifically stated that an allegation that a guilty plea was not knowing and intelligent was not a constitutional violation "ris[ing] to the level of a jurisdictional defect" which warranted a collateral attack on a prior conviction at sentencing. —— U.S. at ——, 114 S.Ct. at 1734; *see also United States v. Jones,* 28 F.3d 69 (8th Cir.1994). Therefore, the district court properly used defendant's 1976 conviction as one of the predicate offenses in sentencing defendant as a career offender. The district court is affirmed on this issue.

### III.

We must next decide whether the district court erred in denying defendant a reduction in offense level for acceptance of responsibility.

Under Guideline § 3E1.1, "if the defendant clearly demonstrates acceptance of responsibility for his offense, the offense level is decreased by two levels." The district court's determination in this regard is a finding of fact, which is reviewed under a clearly erroneous standard. *United States v. Christoph,* 904 F.2d 1036, 1040–41 (6th Cir.1990), *cert. denied,* 498 U.S. 1041, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991). The district court's determination is entitled to great deference upon review. *Id.*

In the present case, the United States initially recommended that defendant receive the maximum number of points allowed for acceptance of responsibility even though it was not a term of the written plea agreement. The United States recommended the reduction after defendant pled guilty because "we did not have to have the ... lengthy suppression hearing, and did not have to complete final trial preparation." Although the government had recommended a reduction for acceptance of responsibility, the district court made clear to defendant at his change of plea hearing that whether he received the reduction or not was at the court's discretion. A presentence report was prepared and recommended that defendant should not be given an acceptance of responsibility reduction because the report determined that defendant should be given an obstruction of justice enhancement and it would be inconsistent to at the same time give a reduction for acceptance of responsibility.

The presentence report's basis for the obstruction of justice enhancement was as follows. After the police broke into the house, shootings took place on both sides. The defendant was shot, his wife was shot, and an officer was shot. While defendant and his wife were being treated for their wounds in their home, either paramedics or officers allegedly overheard defendant Bonds telling his wife, Teresa Bonds, what to say to the police officers if she were later questioned. Allegedly, he instructed her to say that they thought the police were burglars even though the police had announced who they were before entering and were wearing raid jackets. The presentence report recommended that defendant be given an enhancement in his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1 because defendant's comments to his wife were an attempt to unlawfully influence her.

At the change of plea hearing on October 28, 1993, defendant testified in regard to his guilt. At first the district court found defendant's plea of guilty to count one of the indictment for possession with intent to distribute Lorcet tablets insufficient, because when the court asked if defendant had the Lorcet tablets for the purpose of distributing them to any other person, defendant answered:

> Yes, sir, if some of my friends had a headache or back pain, I had the intent to distribute them. I had the pill for personal use but with the idea that if someone,

my wife, her brother, my brother-in-law, if they needed them I gave them to them.

Appendix, p. 144.

The court refused to find this answer sufficient for accepting a guilty plea to count one, stating:

> [W]hat he is telling me is that he had some pills for back pain and if somebody happened to have asked him for one because they had back pain, he might have given them one. I am not sure whether that qualifies as an 841 crime or not, but I don't want to dicker around with it too much either.

*Id.* at 145. The court then recessed the hearing, telling defendant and his lawyer, "Perhaps you and Mr. Bonds would talk about what the facts are and I'm not suggesting that he change his testimony so that it fits my desires, by any means, but I do want to know what the truth is...." *Id.* at 146.

After the hearing reconvened, the following took place:

> THE COURT: For what purpose did you have those tablets?
>
> MR. BONDS: For myself and for distribution.
>
> THE COURT: Distribution in what manner?
>
> MR. BONDS: I don't think I understand what you—
>
> THE COURT: Were you in the business of selling drugs?
>
> MR. BONDS: No sir, I wasn't in the business of selling drugs.
>
> THE COURT: Did you sell drugs?
>
> MR. BONDS: No, sir, I didn't sell any drugs.
>
> THE COURT: What type of distribution did you intend with respect to these 94 Lorcet tablets?
>
> MR. BONDS: I have given a lot of them away in the past.
>
> THE COURT: Are you saying you went out and acquired 94 Lorcet tablets with the intent to pass those out to other people?

> MR. BONDS: Well, that and with the intention of taking them myself for pain.

*Id.* at 147–48.

The court again indicated that it was not willing to accept the guilty plea. The court stated that defendant was basically saying that he had the pills for personal use, even though he might have given some to somebody else had the case arisen. After discussing his reservations with the lawyers, the court again asked defendant about his guilt.

> THE COURT: Tell me what it is about these tablets that you had and your intent to distribute them that you think makes you guilty of this charge:
>
> MR. BONDS: I understand that distributing them in any manner, Your Honor, is intent to distribute, that's against the law.
>
> THE COURT: Did you have more than 94 before this arrest?
>
> MR. BONDS: At that time, over the past year before this incident happened, I've had numerous amounts of them.
>
> THE COURT: When you acquired these 94, how many of these did you acquire?
>
> MR. BONDS: That 94 number was over a period of time of the pills ganging up from different times that I acquired them.
>
> THE COURT: And how many people have you distributed Lorcet tablets to?
>
> MR. BONDS: Over a period of time I would say 8 or 10.
>
> THE COURT: In the two months before the arrest, how many people did you distribute Lorcet tablets to?
>
> MR. BONDS: Probably 4 or 5.
>
> THE COURT: For what purpose?
>
> MR. BONDS: For what purpose?
>
> THE COURT: Yes, sir.
>
> MR. BONDS: They wanted them. They needed them for pain or whatever they wanted them for.
>
> THE COURT: Are you telling me you were just being a good guy?
>
> MR. BONDS: Basically, Your Honor, I guess that's it, yes, sir.
>
> MR. QUINN: [defendant's attorney] Your Honor, a profit motive I don't think is an element to commit an offense. I mean, I don't think he has to be in the business of

selling in order to possess them with intent to distribute.

MR. BONDS: That's what I'm getting at. I didn't do it for profit, but I have distributed the pain medication.

THE COURT: Then what you're telling me is you had these tablets for yourself.

MR. BONDS: That's the reason that they were originally acquired was for myself.

THE COURT: But you didn't have them for the—you didn't have them with the intent to distribute them, you had them with the intent to use them and what you're telling me is if somebody asked you for one, you might have given it to them.

MR. BONDS: No, sir, I knew that they were going to be asked, I knew I was going to be asked. There was intent there.

*Id.* at 149–51. The Court again asked defendant why he was pleading guilty. Defendant answered:

Well, Your Honor, I've been informed that if I take this case to trial, that it's not in my best interest, that this plea is in my best interest. There's less time than what I would receive at a trial, from my understanding.

*Id.* at 152. The court then decided to accept the plea of guilty to counts one and four of the indictment.

At the sentencing hearing, defendant again stated that the pills were "for me and for a couple of my associates, friends of mine, family, whoever was around me that needed them." *Id.* at 210. The United States indicated that it no longer recommended the reduction for acceptance of responsibility because of the way defendant had testified in regard to his guilt.

The district court indicated that he did not find defendant's statement in regard to his possession of the drugs to be credible, stating:

[F]rom the beginning of this plea and up through today, it has been abundantly clear that the defendant has been reluctant to admit his participation in the offenses to which he has pled guilty . . . [and a] showing of incredibility flows over into how I evaluate his testimony . . . [about] the very limited acceptance of responsibilities that the defendant has come forth with. It is entirely possible for all I know that the defendant still thinks he's innocent with respect to these drug charges and is pleading guilty simply to get a better deal than he would be looking at if convicted on all charges. I went over very carefully at the change of the plea hearing with him the exact question as to whether or not he was accepting of responsibility and that acceptance was limited to the fact that he might have given or would have given some of the Schedule 3 drugs to his friends, but that primarily, they were for his own use. His rendition of what he had the drugs for was sufficient in the Court's view . . . to accept the plea. But I can't conclude based on the testimony today that there is much credibility in the defendant's testimony, nor can I conclude, for that reason, that there was acceptance of responsibility.

*Id.* at 231–32.

Thus, the district court denied defendant an acceptance of responsibility reduction because the court did not believe defendant when he said he had no intent to sell the drugs, but merely intended to give them to friends. Moreover, defendant stated that he was pleading guilty primarily in order to get a lesser sentence than he would if he went to trial and was convicted of all charges.[2] Based on this testimony, it cannot be said that the district court's determination that defendant did not accept responsibility for his guilt is clearly erroneous. Denial of the reduction for acceptance of responsibility is proper if the court believes the defendant testified untruthfully. *See United States v. Payne*, 962 F.2d 1228, 1236 (6th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 306, 121 L.Ed.2d 229 (1992); *United States v. Zayas*, 876 F.2d 1057, 1060 (1st Cir.1989). Based on the district court's credibility determination that defendant was not telling the truth about his intent to sell Lorcet tablets, we find

**2.** The presentence report determined that the impact of the plea agreement was a maximum 60–month sentence on count one, as opposed to a 225–235 months sentence if defendant went to trial and was convicted on all counts.

that the district court did not err in determining that defendant was not accepting full responsibility for his criminal conduct.

Defendant argues that the district court denied the reduction for acceptance of responsibility because the court found defendant's testimony regarding the 1976 state conviction for robbery incredible. Defendant argues the court erred because defendant did accept responsibility for the two counts of the indictment on which he was convicted, and his failure to admit certain allegations concerning other issues is irrelevant. This argument has no merit. As discussed previously, the district court found that defendant did not accept responsibility for the offense in count one of the indictment. Contrary to defendant's argument, the court did not deny the reduction based on defendant's testimony in regard to the 1976 robbery conviction.

Defendant also argues that he was denied the reduction in the pre-sentence report, because the pre-sentence report recommended an upward enhancement for obstruction of justice and it would be inconsistent to ask for an obstruction of justice enhancement and acceptance of responsibility reduction at the same time. Defendant argues that when the district court found that there was insufficient evidence to sustain an obstruction of justice enhancement, the court erred in continuing to deny defendant a reduction for acceptance of responsibility. This argument has no merit. The court found that even if defendant did not obstruct justice, there were other reasons for denying the acceptance of responsibility reduction. The district court determined that defendant had not accepted responsibility, because the court found defendant's testimony in regard to the Lorcet tablets incredible. This determination is not clearly erroneous and the district court is affirmed on this issue. *See United States v. Christoph,* 904 F.2d at 1041 (because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the "clearly erroneous" standard will nearly always sustain the judgment of the district court in this area).

## IV.

To conclude, the opinion of the district court is hereby AFFIRMED. This court's decision in *United States v. McGlocklin,* 8 F.3d 1037 (6th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1614, 128 L.Ed.2d 341 (1994), has been superseded by the Supreme Court's decision in *Custis v. United States,* —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), precluding a collateral attack at sentencing on defendant's previous 1976 state conviction for robbery. The district court's determination that defendant failed to accept responsibility is not clearly erroneous.