57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Appellant/Cross-Appellee,
v.
John BUTLER, Appellee/Cross-Appellant.
 Nos. 94-5523, 94-5587.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1995.
 
 On Appeal from the United States District Court for the Western District of Tennessee; No. 91-20130; McRae Jr., J.
 W.D.Tenn. [APPEALING AFTER REMAND FROM 7 F.3d 235.]
 REVERSED AND REMANDED.
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 In this appeal following a remand, the government challenges the district court's refusal to sentence defendant John Butler as a career offender, and Butler cross appeals the court's rulings that his prior convictions were valid for sentencing purposes. For the reasons that follow, we REVERSE and REMAND for further proceedings.
 
 I.
 
 2
 At the original sentencing, the district court sentenced defendant as a career offender under United States Sentencing Guideline Sec. 4B1.1 based on two prior state convictions by plea, a 1974 conviction for robbery with a deadly weapon, and a 1988 conviction for attempt to possess a controlled substance with intent to sell or deliver. The district court rejected defendant's collateral attack on the state convictions, upon its belief that it was constrained by "comity" from reevaluating the constitutionality of the prior judgments of conviction. We remanded for reconsideration on the basis of our en banc decision in United States v. McGlocklin, 8 F.3d 1037 (6th Cir. 1993) (en banc), cert. denied, 114 S. Ct. 1614 (1994).
 
 
 3
 On remand the district court conducted an evidentiary hearing and concluded that the prior convictions conformed to the mandates of McGlocklin. Notwithstanding, the court declined to sentence defendant as a career offender, based upon its conclusion that the United States Sentencing Commission had exceeded its statutory mandate by including conspiracy convictions under 21 U.S.C. Sec. 846 as triggering offenses under the career offender guidelines.[1] The government filed a motion for reconsideration, which the district court denied.
 
 II.
 
 4
 The government urges that the Sentencing Commission properly exercised the authority granted it in 28 U.S.C. Sec. 994(h) when it included conspiracy to commit controlled substances as a triggering offense for career offender status under U.S.S.G. Sec. 4B1.1. This circuit recently agreed with the government's view. See United States v. Williams, F.3d , No. 94-5785, 1995 WL 296199 (6th Cir. May 17, 1995). Thus, the district court erred in concluding that defendant could not be sentenced as a career offender because the instant offense of conviction was a conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846, rather than a substantive violation of 21 U.S.C. Sec. 841. Furthermore, defendant does not challenge the district court's conclusions that the 1974 and 1988[2] convictions qualify as predicate offenses under U.S.S.G. Secs. 4B1.1 and 4B1.2.
 
 III.
 
 5
 Given our conclusion on the government's appeal, we must now consider Butler's cross appeal. He contends that both his 1974 and 1988 state convictions are constitutionally infirm under Boykin v. Alabama, 395 U.S. 238 (1969), challenging the district court's findings to the contrary. The recent decision of Custis v. United States, 114 S. Ct. 1732 (1994), holds, however, that a defendant may not collaterally attack prior convictions at sentencing unless there has been a violation of the right to counsel as recognized in Gideon v. Wainright, 372 U.S. 335 (1963). Moreover, this court has recognized that McGlocklin has been superseded by Custis. See United States v. Bonds, 48 F.3d 184, 186 (6th Cir. 1995) (applying Custis in career offender context); United States v. Smith, 36 F.3d 490, 492 (6th Cir. 1994) (applying Custis in ACCA, 18 U.S.C. Sec. 924(e), context).
 
 IV.
 
 6
 Once again, defendant has filed a supplemental pro se brief. He raises nine issues. The government has not responded. Issues one and two challenge the district court's factual conclusions regarding the validity of his prior convictions. As previously noted, these claims are no longer cognizable in a collateral attack at sentencing proceedings. Similarly, issue five is disposed of in section II of this opinion.
 
 
 7
 Issues three, four, six, seven and nine are likewise not properly before the court. In issue three, defendant claims that the lower court erred in its factual findings as to the total amount of drugs involved in the conspiracy. In issue four he challenges the term of supervised release imposed, contending that he was convicted under the preamendment version of 21 U.S.C. Sec. 846, which did not provide for such. Issues six and nine contest the two-level enhancement for being on probation and another two-level for defendant's aggravating role in the offense. In issue seven, defendant claims that he was erroneously denied a reduction for acceptance of responsibility. Because these issues could have been raised in defendant's first appeal prior to remand but were not, they are waived. See United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-83 (11th Cir. 1989); Brooks v. United States, 757 F.2d 734, 739 (5th Cir. 1985). Cf. United States v. Williams, 679 F.2d 504, 507 (5th Cir. 1982) (defendant not precluded from raising claims not presented in government's prior appeal from grant of judgment of acquittal since second appeal was defendant's first time before appeals court as an appellant), cert. denied, 459 U.S. 1111 (1983).
 
 
 8
 In issue eight defendant argues that the district court erroneously "double counted" under guideline sections 4B1.1 and 3B1.1(c). Although this issue also could have been raised in his first appeal, we address it here, given our conclusion today that defendant can be resentenced as a career offender. The contention is nonetheless without merit. The enhancement under section 3B1.1 is for aggravating conduct at issue in the current offense. By contrast, section 4B1.1 punishes for recidivism. Thus, the same conduct is not at issue and the prohibition of United States v. Romano, 970 F.2d 164, 166-67 (6th Cir. 1992), does not apply.
 
 V.
 
 9
 For the foregoing reasons, the corrected judgment of the district court sentencing defendant sentencing defendant for a term of 150 months is VACATED, and the matter is REMANDED to the district court with instructions to sentence defendant as a career offender under the federal sentencing guidelines.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Defendant raised this issue for the first time on remand. The government did object below as beyond the lower court's jurisdiction, but apparently has abandoned the argument in this appeal
 
 
 [2]
 Defendant's 1988 conviction for attempt to possess a controlled substance, a predicate offense under Sec. 4B1.1, is subject to the same logic as the triggering offense of conspiracy to commit a substantive controlled substance offense. That is, the language defining predicate and triggering offenses found in 28 U.S.C. Sec. 994(h)(1)(B) and (h)(2)(B) is identical