66 F.3d 327
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David H. TAYLOR, Defendant-Appellant.
 No. 94-6663.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 1
 Before: MILBURN and NELSON, Circuit Judges; and MORTON, District Judge.*
 
 ORDER
 
 2
 David H. Taylor, a federal prisoner, appeals the sentence imposed following his plea of guilty to three counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In December 1993 and January 1994, Taylor was charged in two separate indictments with three counts of robbing federally-insured banks in Tennessee and Florida. Taylor pleaded guilty to all three counts, which were consolidated for judgment and sentencing in the Eastern District of Tennessee. On December 19, 1994, the district court sentenced Taylor to 188 months in prison and three years of supervised release. In addition, Taylor was ordered to pay $1,880 restitution. The sentence was based in part upon a finding that Taylor was a career offender, pursuant to USSG Sec. 4B1.1, predicated upon a 1978 New Mexico conviction for assault and a 1984 Tennessee felony conviction for sexual battery.
 
 
 4
 On appeal, Taylor argues that: (1) the district court abused its discretion in preventing him from continuing his testimony regarding the constitutionality of his 1978 New Mexico conviction after allowing him to begin a collateral attack on it, and (2) that conviction was constitutionally invalid and should not be used for the purpose of assigning Taylor career offender status.
 
 
 5
 Upon review, we affirm the district court's judgment because the Supreme Court has foreclosed the type of collateral attack on a predicate conviction at sentencing that Taylor wished to mount. For this reason, the district court did not abuse its discretion in concluding that Taylor's testimony regarding his New Mexico plea proceeding was irrelevant.
 
 
 6
 In Custis v. United States, 114 S.Ct. 1732 (1994), the Supreme Court held that prior convictions used to enhance a sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. Sec. 924(e), could not be collaterally challenged at a federal sentencing proceeding with the sole exception of those convictions obtained in complete violation of the Sixth Amendment right to appointed counsel. Id. at 1738-39. At his sentencing proceeding, Taylor attempted to distinguish Custis as applying solely to sentencing under the ACCA. He urged the district court to follow, instead, this court's decision in United States v. McGlocklin, 8 F.3d 1037, 1044 (6th Cir.1993) (en banc), cert. denied, 114 S.Ct. 1614 (1994).
 
 
 7
 Unfortunately for Taylor, this court has since conceded that Custis supersedes the pertinent holding of McGlocklin. See United States v. Bonds, 48 F.3d 184, 186, 190 (6th Cir.1995). Bonds, like Taylor, was sentenced under the career offender provisions of the Sentencing Guidelines and wished to collaterally attack a predicate conviction at his federal sentencing on the ground that he was not properly advised of his constitutional rights in violation of Boykin v. Alabama, 395 U.S. 238 (1969). The Bonds court, however, applied Custis to foreclose this attack. For this reason, and because it is undisputed that Taylor was represented by counsel at the 1978 New Mexico proceeding at which he pleaded guilty to assault, the district court did not err by either using that conviction to enhance Taylor's sentence under USSG Sec. 4B1.1, or finding that Taylor's proffered testimony concerning the alleged constitutional infirmities of that proceeding was irrelevant for sentencing purposes.
 
 
 8
 Accordingly, the district court's judgment, entered on December 23, 1994, is affirmed.
 
 
 
 *
 The Honorable L. Clure Morton, United States District Judge for the Middle District of Tennessee, sitting by designation