86 F.3d 1157
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard Joseph YANNOTT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1958.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1996.
 
 1
 Before: RYAN and NORRIS, Circuit Judges; JOINER, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. He also moves for the appointment of counsel on appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Leonard Joseph Yannott was tried by a jury and found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 992(g), and possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). The district court sentenced Yannott to 262 months in prison and three years of supervised release pursuant to the Armed Career Criminal Act (ACCA) and USSG § 4B1.4. Yannott appealed and this court affirmed his conviction and sentence. United States v. Yannott, 42 F.3d 999 (6th Cir.1994), cert. denied, 115 S.Ct. 1172 (1995).
 
 
 4
 In his motion to vacate sentence, Yannott claimed that he received ineffective assistance of counsel because his attorney did not object at the sentencing hearing or on appeal to the prior convictions which served as the basis for sentencing enhancement under the ACCA and USSG § 4B1.4. The district court denied Yannott's motion and Yannott appeals that judgment.
 
 
 5
 In his timely appeal, Yannott reasserts his ineffective assistance of counsel claim that he set forth in the district court. Yannott also argues that the prior felonies used to enhance his sentence were constitutionally invalid on the grounds that: 1) he was not adequately informed of his constitutional rights before pleading guilty; 2) there were insufficient factual bases to support his guilty pleas; and 3) he was not represented by counsel during the guilty pleas.
 
 
 6
 Initially, we note that Yannott did not specifically raise in the district court his appellate arguments that his prior convictions were constitutionally invalid. Although we normally do not address an issue not first raised in the district court, see Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1398-99 (6th Cir.1995), Yannott's challenge to the validity of his prior convictions is easily resolved. Neither 18 U.S.C. § 924(e) nor the Constitution permits a defendant to "collaterally attack the validity of previous state convictions that are used to enhance his sentence under the ACCA ... with the sole exception of convictions obtained in violation of the right to counsel." United States v. Smith, 36 F.3d 490, 492 (6th Cir.1994) (citing Custis v. United States, 114 S.Ct. 1732 (1994)). See also United States v. Bonds, 48 F.3d 184, 186 (6th Cir.1995). Review of the record reflects that Yannott was represented by counsel in connection with the three prior felony convictions relied upon by the district court. Thus, Yannott's challenge to the validity of his prior convictions is without merit.
 
 
 7
 In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to § 2255 motion to vacate).
 
 
 8
 Yannott was not denied effective assistance of counsel. Yannott contends that his attorney was constitutionally ineffective because he did not object to the district court's reliance on nonviolent crimes to enhance his sentence under the Armed Career Criminal Act. Yannott argues that his prior convictions do not constitute "violent felonies" as defined by the ACCA. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Defense counsel did not err because an objection was unwarranted. Trial counsel is not required to make frivolous objections to avoid a charge of ineffective representation. Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986). The district court expressly relied upon a 1972 conviction for felonious assault and two breaking and entering convictions in finding that Yannott had three prior violent felony convictions. Our review of the relevant Michigan criminal statutes clearly reveals that these convictions fall within the definition of a violent felony for purposes of the ACCA. See United States v. Taylor, 882 F.2d 1018, 1023 (6th Cir.1989).
 
 
 9
 Accordingly, the motion for the appointment of counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation