**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Danny Lee DAVIS, Defendant–**
**Appellant.**

No. 02–6555.

United States Court of Appeals,
Sixth Circuit.

May 3, 2004.

Paul W. Laymon, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

James F. Logan, Jr., Logan, Thompson, Miller, Bilbo, Thompson & Fisher, Cleveland, TN, for Defendant–Appellant.

Before: SUHRHEINRICH and BATCHELDER, Circuit Judges; and

RICE, District Judge.*

### ORDER

Danny Lee Davis, a federal prisoner proceeding through retained counsel, appeals the sentence imposed upon his conviction. The parties have waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 18, 2002, Davis pleaded guilty without benefit of a written plea agreement to one count of conspiring to distribute 500 grams or more of a mixture containing methamphetamine. The presentence report recommended that Davis be sentenced as a career offender under U.S.S.G. § 4B1.1 because he had a prior felony drug conviction and a prior felony conviction for aggravated burglary. Davis objected, arguing that the aggravated burglary conviction could not be counted because the judgment of conviction had never been approved as part of the minutes of the trial court in Tennessee. The district court denied the objection at sentencing, granted the government's motion for a downward departure, and sentenced Davis to 144 months in prison and 8 years of supervised release.

In his timely appeal, Davis reasserts his objection to the use of the aggravated burglary conviction and argues that the district court failed to follow controlling state law to determine the validity of the conviction.

As an initial matter, we note that Davis did not provide a copy of the sentencing hearing transcript. Although we are able to decide the issue raised on appeal, we caution counsel that his failure to provide a relevant component of the record put Davis at risk of having his appeal dismissed without review. See Fed. R.App. P. 3(a)(2), 10(a), (b); United States v. Shayesteh, No. 97–4111, 1998 WL 839083, at *6 (10th Cir. Nov.24, 1998) (unpublished); United States v. Becerra, 155 F.3d 740, 755 (5th Cir.1998); United States v. Gonzalez–Vega, Nos. 96–1312/1313, 1997 WL 222279, at *3 (1st Cir. May 1, 1997) (unpublished); United States v. Wesson, 33 F.3d 788, 798–99 (7th Cir.1994). Rather than accept this risk, counsel should have brought any purported difficulties with the court reporter to the attention of the district court.

Upon de novo review, we conclude that the district court properly denied Davis's objection. See Mallett v. United States, 334 F.3d 491, 500 (6th Cir.2003), cert. denied, —— U.S. ——, 124 S.Ct. 1109, 157 L.Ed.2d 938 (2004); United States v. Dolt, 27 F.3d 235, 237 (6th Cir.1994).

As a defendant in a federal sentencing proceeding, Davis has no right to attack collaterally a prior conviction which was not obtained in violation of his right to counsel. See Custis v. United States, 511 U.S. 485, 495–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); United States v. Bureau, 52 F.3d 584, 593–94 (6th Cir.1995); United States v. Bonds, 48 F.3d 184, 186–87 (6th Cir.1995). Davis fails to cite to any case in which a court permitted a defendant to attack prior convictions at federal sentencing on other grounds. In Custis, the Supreme Court limited collateral attacks on prior convictions solely to those obtained in violation of the right to counsel precisely because of the type of problems which would have arisen in the instant case if the district court had attempted to

---

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

review the validity of Davis's aggravated burglary conviction. Unlike a conviction obtained without benefit of counsel, there would have been no "ease of administration" in determining the validity of Davis's conviction. *See Custis,* 511 U.S. at 496. First, there is no well-established federal constitutional right to have a judgment of conviction properly recorded on the minutes of the court, nor is there federal case law holding that a conviction is invalid because of a court's failure to record a judgment. Rather, the issue of whether the state court's apparent failure to record a judgment invalidates a conviction is a matter of state law. Second, the district court would have had to "rummage through" state court records to rule on a state law issue, thereby intruding on the finality of the state court judgment, and delaying and impairing the orderly administration of justice in the federal sentencing proceeding. *See id.* at 496–97. The appropriate means to attack a prior state court conviction is through state court proceedings and then, if necessary, through federal habeas corpus proceedings. Should Davis successfully attack his state conviction by either means, he may then apply to reopen his federal sentence. *See id.* at 497.

Accordingly, the district court's judgment is affirmed.