NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0608n.06
Filed: August 21, 2007

No. 06-5213

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GARY LEE CHOATE, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: ROGERS, COOK, Circuit Judges; O'MALLEY, District Judge[*]

**ROGERS, Circuit Judge.** In 2001, Gary Lee Choate entered a guilty plea before a

Tennessee judge to possession of a Schedule II drug on the condition that a state laboratory later

conduct tests to confirm that the substance that authorities found in Choate's possession was in fact

cocaine. There is no evidence in the record, however, that any laboratory conducted the promised

tests,[1] and Choate did not challenge his state conviction in state court. Four years later, federal

authorities charged Choate with being a felon in possession and relied on Choate's state drug-

_____

[*]The Honorable Kathleen M. O'Malley, United States District Court Judge for the Northern District of Ohio, sitting by designation.

[1]At oral argument, Choate's counsel informed the panel that state laboratories, in fact, tested the substance and found it to be methamphetamine, not cocaine. Neither Choate nor the United States moved to supplement the record to include the state laboratory results, and we do not base our opinion on the outcome of these tests.

possession guilty plea to obtain a sentence enhancement under 21 U.S.C. § 841(b), resulting in a 10-year minimum sentence. In this direct appeal from the felon-in-possession conviction, Choate challenges his federal sentence enhancement by attacking his state guilty plea and arguing that, given the state's failure to satisfy a condition of the plea agreement, the plea was involuntary and was not "a prior conviction for a felony drug offense [that] has become final." *Id.* We affirm because Choate has not presented sufficient evidence to challenge his state conviction for purposes of 21 U.S.C. § 841(b).

## BACKGROUND

On May 14, 2001, Choate pleaded guilty before Judge R. Steven Bebb of the Criminal Court for Polk County in Benton, Tennessee to Felony Evading Arrest and Possession of Schedule II Drugs for Resale, and the state trial court sentenced Choate to four years of probation. Before the plea was entered, it became clear that Choate was awaiting the results of the state laboratory tests on the substances that authorities found in Choate's possession. Choate's attorney noted, for example, "We are entering this [guilty] plea subject to everybody's agreement that if in fact the lab report comes back in a negative fashion then we would do an amend[ed] judgment and set the conviction for the substance aside if in fact the report [came back in a negative fashion]." JA 48. The state's attorney responded, "Absolutely." JA 48.

After Choate signed the plea agreement, the state trial court noted, "You have also indicated by your signature that you are pleading guilty to felony evading and possession of [a] Schedule II

drug, which is cocaine, and we have already heard that this could be set aside . . . [i]f it comes back not to be cocaine. I think you probably believe it is cocaine or you wouldn't be entering the plea, but at any rate it's my understanding you wish to plead guilty today to felony evading and possession of Schedule II for resale." JA 51-52. Choate's attorney explained to Choate that he was "entering a plea, subject to the lab report coming back and if it's not drugs you will get it set aside." JA 52. Choate then stated that he was pleading guilty "subject to the lab report." JA 52.

Choate's attorney then elaborated on Choate's comments. The attorney noted, "Your Honor, his real reluctance is he's not sure whether it's a Schedule II [drug] or not, and if it comes back something else then we will modify that and fix [the plea] appropriately." JA 52. There is no evidence that the laboratory returned a report on the substance and Choate did not seek to overturn his plea.

On September 13, 2005, a federal grand jury in the Eastern District of Tennessee indicted Choate on three counts of possession with intent to distribute various illegal drugs, and one count of knowingly being in possession of 0.45 caliber Winchester ammunition having been "convicted in court of a crime punishable by imprisonment for a term exceeding one year," in violation of 18 U.S.C. § 922(g)(1) (felon in possession). On October 12, 2005, a grand jury returned a superseding indictment that included an additional count of knowingly being a felon in possession of a firearm (a 0.45 semi-automatic pistol), in violation of 18 U.S.C. § 922(g)(1).

On September 22, 2005, the Government filed a Notice of Intent to Use Prior Convictions to Enhance Punishment, citing Choate's September 27, 2004, guilty plea in the Criminal Court of Polk County, Tennessee for possession of cocaine for resale. Choate objected to the Government's use of the prior state conviction because the state did not conduct the laboratory tests that it said that it would conduct. With the enhancement, Choate was subject to a statutory minimum sentence of 120 months. *See* 21 U.S.C. § 841(b)(1)(B).

On February 6, 2006, the federal district court rejected Choate's collateral attack on his state plea. The district court noted that Choate raised an "interesting question" and made a "legitimate point" in challenging the state conviction. JA 70. Nevertheless, Choate had not sought to set aside his state court plea, and the "conviction is still there. It has not been set aside." JA 74. After the federal district court rejected Choate's objection, Choate pleaded guilty to possessing five grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841 and knowingly being a felon in possession of 0.45 caliber Winchester ammunition, in violation of 18 U.S.C. § 922(g)(1). The Government agreed to dismiss the remaining counts. Nine days later, the federal district court sentenced Choate to 120 months of imprisonment to run concurrently on each of the two counts for which Choate pleaded guilty, and eight years of supervised release, and it imposed an assessment of $200. On February 7, 2006, Choate filed his notice of appeal.

## ANALYSIS

## I.  Choate's Only Avenue to Challenge His Conviction Is 21 U.S.C. § 851(c)

Choate can collaterally attack his state conviction only pursuant to the procedures contained in 21 U.S.C. § 851(c). To establish the existence of prior convictions for purposes of sentencing enhancements under 21 U.S.C. § 851(c), the United States Attorney must file an information with the court (and serve a copy on the opposing party) "stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). The defendant then has a chance to affirm or deny the previous conviction, 21 U.S.C. § 851(b), and may allege that the conviction "was obtained in violation of the Constitution of the United States" by providing "the factual basis [for such allegations] with particularity," 21 U.S.C. § 851(c)(2). The defendant has "the burden of proof by a preponderance of the evidence on any issue of fact," *id.*, and must challenge the conviction within five years, 21 U.S.C. § 851(e). In *Custis v. United States*, 511 U.S. 485, 492 (1994), the Supreme Court noted that "Congress intended to authorize collateral attacks on prior convictions at the time of sentencing" under 21 U.S.C. § 851(c). In this case, the United States Attorney's Office, the defendant, and the district court followed the appropriate procedures.

The Constitution does not provide Choate with additional avenues to challenge his prior state conviction. Choate places too much reliance on this court's decision in *United States v. McGlocklin*, 8 F.3d 1037 (6th Cir. 1993) (en banc), to argue that there are greater constitutional rights to challenge a prior state conviction. In *McGlocklin*, this court decided "whether a defendant may challenge at sentencing a prior state conviction not previously ruled invalid which would result in a longer sentence if included within the [federal] sentencing guideline calculus." 8 F.3d at 1038. The court noted that the Supreme Court had not addressed the issue, *id.* at 1040, distinguished "a challenge

to a conviction for purposes of excluding it from consideration at sentencing" from "a full-blown collateral attack," *id.* at 1042, and concluded that under certain limited circumstances "it is within a sentencing court's discretion to entertain a challenge to the inclusion of a prior state conviction in a criminal history score," *id.* at 1044.

To the extent that *McGlocklin* created protections greater than those afforded in 21 U.S.C. 851(c)(2), this court held that "*McGlocklin* has been superseded," *United States v. Bonds*, 48 F.3d 184, 186 (6th Cir. 1995), and*,* under *Custis v. United States*, 511 U.S. 484 (1994), the Constitution does not require that defendants be afforded an opportunity to attack collaterally the validity of prior state convictions for purposes of sentence enhancement, *Bonds*, 48 F.3d at 186 (citing *United States v. Smith*, 36 F.3d 490, 492 (6th Cir. 1994)), absent a showing that the defendant did not have counsel at the prior state proceeding. "In other words, a defendant may collaterally attack a prior conviction used for purposes of sentence enhancement only if (1) such attack is provided by statute, or (2) such attack is a constitutional one premised on a lack of counsel." *United States v. Reed*, 141 F.3d 644, 652 (6th Cir. 1998). Since Choate had counsel during the Tennessee proceedings, the only avenue available to Choate to challenge his prior conviction is through 21 U.S.C. § 851(c).

## II.     Choate Failed To Attack Successfully His Conviction Under 21 U.S.C. § 851(c)

The district court properly rejected Choate's attack on his previous state conviction. When a defendant collaterally attacks a prior state conviction, the defendant must satisfy his or her burden of proving the invalidity of the conviction. *Walker*, 160 F.3d at 1095; 21 U.S.C. 851(c)(2). Choate

is unable to do so in this case, first, because the conviction itself was valid subject to a condition subsequent that did not occur in this case and, second, because Choate knowingly entered a guilty plea to a charge of criminal possession, even if he was not entirely sure of the exact nature of the substance that he possessed.

As a preliminary matter, Choate does not set forth a factual basis with particularity to establish that his plea "was obtained in violation of the Constitution of the United States." 21 U.S.C. § 851(c)(2). Choate merely alleges that state officials promised to test the substances that authorities obtained in Choate's possession but did not later do so. Of note, Choate does not establish a factual basis with particularity that state officials fraudulently promised to test the substances or knowingly lied to the court and to Choate to induce him to enter a guilty plea. That is, this case is about the state's allegedly negligent failure to fulfill its end of the plea agreement; it is not a case of fraudulent inducement. This distinction is important because 21 U.S.C. § 851(c)(2) speaks about obtaining a conviction in violation of the Constitution. At the time that Choate entered his plea, the conviction was valid, subject to a condition subsequent that allegedly did not occur, and the state's subsequent failure to test the substances does not establish that the state, at the time of the plea, obtained Choate's consent in violation of the Constitution of the United States. Thus, the conviction was "final" for purposes of 21 U.S.C. § 841(b).[2]

---

[2]This is not to say that federal courts must ignore a state's disregard of all conditions subsequent in plea agreements. If the state's failure to fulfill a condition subsequent shows that the state obtained the plea through fraud or deliberate deception, a very different case would be presented.

The record also shows that Choate knowingly entered a guilty plea, and his conviction, therefore, was not "obtained in violation of the Constitution." "A guilty plea is involuntary where the defendant lacks knowledge of an element of the offense required for conviction and therefore does not understand the nature of the charge against him, or does not understand the nature of the constitutional rights he is waiving." *United States v. Layne*, 192 F.3d 556, 577 (6th Cir. 1999). To determine whether the defendant had sufficient knowledge to enter the plea, this court can look to the transcripts of the proceedings.

Here, the evidence shows that Choate knowingly entered a guilty plea even though he might have been unsure of the exact nature of the substances that authorities found in his possession. Choate signed a Plea of Guilty form before appearing before the Tennessee criminal court in which he admitted to possessing illegal drugs. Although Choate did not know the specific type of drug that authorities found in possession (it appears that he has a pattern of possessing a variety of drugs), he did not challenge the court's assertion that he "probably believe[d] [the substance] is cocaine or you wouldn't be entering the plea," JA 63, or his attorney's suggesting that it "would have been Schedule III." JA 76. (Under Tennessee law, Schedule I, II, III, or IV possession is a felony drug offense. Tenn. Code. Ann. § 39-17-417.) Furthermore, Choate failed to explain why he did not challenge his conviction in state court, giving rise to the inference that Choate believed that the laboratory results would have shown that he possessed an illegal substance (whether cocaine or another illegal substance). Thus, his conduct during and after the course of the plea discussion shows that Choate understood the elements of the offense and the nature of the charge against him.

These facts distinguish this case from the cases upon which Choate relies. In *United States v. Cortez*, for example, the Ninth Circuit held that a defendant entered an involuntary plea because the defendant erroneously thought at the time of the plea agreement that he had the right to bring a selective prosecution claim. 973 F.2d 764, 767-69 (9th Cir. 1992). Here, there is no evidence that Choate held erroneous beliefs about the state's promise at the time that he entered the plea or erroneously believed that the substance was illegal when, in fact, it was legal. In *United States v. Rumery*, the Fifth Circuit held that a defendant did not enter a voluntary plea because his counsel did not advise him correctly as to the punishment. 698 F.2d 764, 766-67 (5th Cir. 1983). Here, in contrast, counsel advised Choate correctly at the time of the plea agreement that the state had an obligation to test the substances that authorities found in Choate's possession.

At oral argument, Choate argued for the first time that the district court violated Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure by not finding that Choate's plea to the felon-in-possession charge was involuntary. To support this claim, Choate relies on *United States v. McCreary-Redd*, 475 F.3d 718, 725 (6th Cir. 2007), in which this court found that a district court violated Rule 11(b)(1)(G) when it failed to ask the defendant whether he had the requisite *mens rea* for intent to distribute. This court noted, "there is a clear distinction between pleading guilty to knowingly and intentionally possessing crack cocaine," which the district court's questions clearly established, "and pleading guilty to knowingly and intentionally possessing crack cocaine *with the intent to distribute,*" which the district court's questions did not establish. *Id.* at 726. As a result, this court vacated the defendant's guilty plea in *McCreary-Redd*. This case differs from *McCreary-*

*Redd* in several important respects. First, the defendant in *McCreary-Redd*, unlike Choate, properly briefed the issue. *See generally, Osborne v. Hartford Life and Accident Ins. Co.*, 465 F.3d 296, 301 (6th Cir. 2001). Second, the defendant in *McCreary-Redd* did not admit to an element of the offense, namely the intent to distribute an illegal substance. In this case, in contrast, Choate admitted to having committed a felony under Tennessee law by possessing an illegal substance and to violating federal law by possessing a firearm after a state felony conviction. For this reason, the district court did not violate Rule 11(b)(1)(G) by accepting Choate's plea.

For these reasons, we affirm.